Case 5:14-cv-01817-GW-JEM   Document 6   Filed 09/23/14   Page 1 of 6   Page ID #:35

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>KENNETH J. FERNANDEZ,<br><br>    Respondent. | NO. EDCV 14-1817-GW (JEM)<br><br>**ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION** |

On August 27, 2014, Petitioner constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On September 2, 2014, Petitioner constructively filed a First Amended Petition ("FAP"). For the reasons set forth below, the FAP is dismissed without prejudice.

**BACKGROUND**

In his FAP, Petitioner challenges the validity of a judgment and orders of the Riverside County Superior Court. (Petition at 2, 5-6.) According to Petitioner, on April 16, 2014, Court Commissioner Kenneth J. Fernandez issued a "grossly inequitable judgment" that "took child custody, community property, and spousal support away from Petitioner, while maintaining jurisdiction of child support." (Petition at 2, 5-6.) Petitioner alleges that Court Commissioner Fernandez's actions in issuing the challenged judgment and orders violated Petitioner's constitutional rights to substantive and procedural due process as well as to equal protection of the laws. Specifically, Petitioner states that Court Commissioner Fernandez issued the challenged rulings without proper authority or procedural protections, including lack of notice and

denial of the right to present evidence and cross-examine witnesses at the hearing. Petitioner also claims that the challenged state court rulings are "without a legal basis" and violate Petitioner's "right to [an] unbiased tribunal" and his fundamental right to parent his children and to "own property." (FAP at 5-6.) Petitioner apparently requests that the Court enjoin the enforcement of the challenged judgment and orders. (FAP at 6.) There is no indication that Petitioner is or ever has been in state custody in connection with the state proceedings at issue. As best the Court can tell, it seems Petitioner seeks judicial intervention regarding state court proceedings related to marital and child custody issues.

## DISCUSSION

### I. Standard of Review

Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

Rule 4 is also applicable and permits summary dismissal when no claim for relief is stated. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991). Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). Because Petitioner has stated no viable basis for relief over which the Court has jurisdiction, the FAP is patently frivolous and must be dismissed without prejudice.

### II. The Court Lacks Subject Matter Jurisdiction Over The FAP

The district court has the power and the duty to raise the adequacy of an applicant's standing to bring suit and the existence of subject matter jurisdiction. Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002); Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir. 1994).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

The Court lacks subject matter jurisdiction to entertain the FAP under 28 U.S.C. § 2254 or any of the habeas corpus statutes. Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus . . . only on the ground that [the applicant] is in custody in violation of the Constitution or laws or treaties of the United States." Likewise, 28 U.S.C. § 2255 permits a habeas petition by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States[.]" Finally, 28 U.S.C. § 2241 extends to "prisoner[s]" in custody under specified circumstances. Thus, the applicant must be "in custody" in order to establish subject matter jurisdiction for purposes of habeas review.

Here, the FAP alleges that Court Commissioner Fernandez acted without proper authority and contrary to law in connection with domestic relations proceedings involving Petitioner, his children, and his ex-wife. Petitioner alleges that Court Commissioner Fernandez violated Petitioner's constitutional rights in these proceedings. There is no allegation that Petitioner is or has been in custody as a result of these state proceedings, and this type of deprivation does not rise to the level of "custody" required by federal habeas statutes. See Lehman v. Lycoming County Children's Services, 458 U.S. 502, 512-16 (1982) ("extending the federal writ to challenges to state child-custody decisions – challenges based on alleged constitutional defects collateral to the actual custody decision – would be an unprecedented expansion of the jurisdiction of the lower federal courts").

It is well established that federal courts should decline jurisdiction in domestic relations cases. In re Burrus, 136 U.S. 586, 593-94 (1890); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983). More specifically, habeas corpus jurisdiction does not lie for challenges to state court decisions involving parental rights and child custody. Lehman, 458 U.S. at 510-12 (declining to extend habeas jurisdiction to a mother's petition challenging a state court's termination of her parental rights, and dismissing the petition); see also Liggins v. Cate, 2011 WL 3425556, at *1-3

(C.D. Cal. 2011) (summarily dismissing without leave to amend for lack of jurisdiction petition for writ of habeas corpus seeking judicial intervention regarding petitioner's divorce and child custody proceedings in the state courts); Cartwright v. Youngblood, 2010 WL 2464833, at *1-2 (E.D. Cal. 2010) (summarily dismissing habeas corpus petition that challenged a California court decision terminating the petitioner's parental rights).

Habeas corpus is a significant interference with state judicial systems and the finality of state court decisions, and habeas review "should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns." Lehman, 458 U.S. at 516; see also Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 436 (10th Cir. 1992) (state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of federal habeas corpus petition); Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103, 1113 (1st Cir. 1978) (same). Because Petitioner simply challenges the state court's rulings in domestic relations proceedings, he has failed to state a viable claim for habeas relief.

### III. Petitioner Has Failed to State a Viable Cause of Action Under 42 U.S.C. § 1983

Pro se complaints are liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, when a pro se litigant labels a complaint seeking relief from alleged constitutional violations as a habeas corpus petition, a court may consider it as a civil rights action. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam), superceded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974); Galligher v. McCarthy, 470 F.2d 740, 741 (9th Cir. 1972). However, even treating the allegations in the FAP as an action under 42 U.S.C. § 1983, it still fails to state a claim over which this Court has jurisdiction.

The Rooker-Feldman doctrine leaves this Court without jurisdiction to grant relief for any harms suffered by Petitioner as a result of the Riverside County Superior Court's judgment and orders, since granting any such relief would require this Court to review these rulings.[1] The

---

[1] The Rooker–Feldman doctrine recognizes that federal courts generally lack subject matter jurisdiction to review state court judgments. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476

Rooker-Feldman doctrine is applicable to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

If "a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." Noel, 341 F.3d at 1158. A federal claim is inextricably intertwined with a state court decision if its success depends upon a determination that the state court wrongly decided the issue before it. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). Thus, the Ninth Circuit has found claims inextricably intertwined where "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002) (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)); see also Cooper v. Ramos, 704 F.3d 772, 779 (9th Cir. 2012).

Here, Petitioner alleges that Court Commissioner Fernandez's judgment and orders are erroneous and should be enjoined. These allegations constitute a de facto appeal from the state court judgment and raise constitutional claims that are "inextricably intertwined" with the prior state court decision.[2] See Noel, 341 F.3d at 1158; see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900

---

(1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005), cert. denied, 547 U.S. 1111 (2006); Fontana Empire Center, LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002). On the other hand, the federal court has jurisdiction over general constitutional challenges that do not require review of a final state court decision in a particular case. Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

[2] Even if Petitioner's state court proceedings remain pending, the Court could not consider Petitioner's claims because abstention under Younger v. Harris, 401 U.S. 37 (1971), would be appropriate.

1  n. 4 (9th Cir. 2003) (under the Rooker-Feldman doctrine, "[i]t is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions"). The FAP should be dismissed without prejudice.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed without prejudice for lack of jurisdiction. See Rule 4; Local Rule 72-3.2.

DATED: September 23, 2014.

                                        GEORGE H. WU
                                  UNITED STATES DISTRICT JUDGE

Presented by:

   */s/ John E. McDermott*
John E. McDermott
United States Magistrate Judge